# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Robin L. Thompson

v.

Richard J. Sinclair

October 23, 1997

Case No. L95-2440

BY JUDGE JAMES A. CALES, JR.

In the case of *Thompson v. Sinclair*, I opine that the matter of punitive damages should be considered by the jury. The court's decision is based on the following:

1. The defendant's, Sinclair, two prior convictions of driving under the influence;

2. The fact that the defendant had twice before received court-ordered ASAP education;

3. The defendant, because of his ASAP education, had particular and specific knowledge of the effects of alcohol on a man of his size;

4. On the night of the accident, the defendant voluntarily consumed at least four to five beers knowing that he was going to operate a motor vehicle and that by operating a motor vehicle after drinking that amount of alcohol, he could be a danger to himself and others;

5. With the knowledge set forth in # 4 above, the defendant proceeded to drive at a speed of 60 miles per hour in a 45 mile per hour speed zone;

6. The defendant, while driving 15 miles in excess of the speed limit and under the influence of alcohol, crossed three lanes of Shore Drive at the time of the collision;

7. That approximately two hours after the collision, the defendant's blood alcohol tested at 0.18.

While the cases dealing with the application of punitive damages in automobile collision cases are not as clear as the court would like them to

be, it is clear that the question before the court is: "Can reasonable people reach different conclusions whether the defendant's negligent conduct was so willful or wanton as to show a conscious disregard for the rights of others?" If reasonable people could differ, then the issue of punitive damages should not be removed from jury considerations. *See, Huffman v. Love*, 245 Va. 311 (1993).

Clearly, Va. Code § 8.01-44.5, which was added to the Code in 1994, has no direct application to this case because the date of the accident preceded the enactment of the code section. The court is of the opinion that it should note the code section for two reasons: one, it sets forth the current public policy of the Commonwealth; and two, its enactment, in and of itself, shows that reasonable persons (i.e., the General Assembly) could conclude that the alcohol level reached in the present case, under the circumstances, creates a willful and wanton, conscious disregard for the rights of others.